a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DALE STEWART, Petitioner | CASE NO. 1:18-CV-1327-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Dale Stewart ("Stewart") (#48457-054). Stewart is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Stewart challenges his conviction and sentence imposed in the United States District Court for the District of Connecticut.

Because Stewart's claim must be raised in a § 2255 petition, the § 2241 petition should be dismissed.

I. Background

Stewart was convicted of conspiring to violate the Hobbs Act and violating the Hobbs Act by robbing and murdering a drug dealer and his girlfriend. United States v. Stewart, 101 F. App'x 845 (2nd Cir. 2004). Stewart was also convicted of obstructing justice. Id. Stewart was sentenced to the maximum term of 50 years of imprisonment. Id.

On appeal, Stewart claimed that the evidence was insufficient to establish that: (a) he aided and abetted in the substantive Hobbs Act crime; (b) his actions, even if criminal, were part of a Hobbs Act conspiracy; and (c) either Hobbs Act charge affected interstate commerce. Stewart further argued that the district court constructively amended or impermissibly varied the indictment by instructing jurors that they could convict him as an aider and abettor, rather than a principal, on the substantive Hobbs Act charge. Id. The court found Stewart's claims meritless and affirmed the convictions. Id.

In 2009, Stewart filed a motion to modify his term of imprisonment, alleging that the court improperly used the sentencing guideline for murder and imposed consecutive sentences in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. (3:01-cr-145, D. Conn., Doc. 75). The motion was denied without prejudice to Stewart filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. (3:01-cr-145, D. Conn., Doc. 81).

In 2011, Stewart filed a motion to reduce his term of imprisonment. (3:01-cr-145, D. Conn., Doc. 82). The court denied the motion, finding that the appropriate avenue for relief was a habeas petition under §2255. (3:01-cr-145, D. Conn., Doc. 84).

In 2014, Stewart filed a motion to vacate under § 2255. Stewart argued that his sentence was unconstitutional under Rosemond v. United States, 134 U.S. 1240 (2014). Specifically, Stewart claimed that the government failed to prove that he aided and abetted the crime. Stewart also argued that his conviction subjected him to double jeopardy. (3:14-cv-498, D. Conn., Doc. 1). The district court determined

that Rosemond was not retroactively applicable to Stewart's case, and the § 2255 motion was untimely. (3:14-cv-498, D. Conn., Doc. 9). Stewart's appeal was dismissed as untimely. (3:14-cv-498, D. Conn., Doc. 17).

Stewart next filed the § 2241 petition before this Court. Stewart claims that his sentence is illegal because his conviction violates the Double Jeopardy Clause. Specifically, Stewart argues that he cannot be guilty of both Hobbs Act counts in the indictment. (Doc. 1-2, p. 3).

II. Law and Analysis

A. Stewart cannot proceed under § 2241.

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary

means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence.  See Cox, 911 F.2d at 1113.

Stewart is not challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration.  Instead, he claims that one of his Hobbs Act convictions was obtained in violation of the Double Jeopardy Clause of the Fifth Amendment.  Such an error, which would have occurred prior to sentencing, must be raised pursuant to a § 2255 motion.  A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must either be dismissed or construed as a § 2255 motion by the court.  See Pack, 218 F.3d at 452.

Because this Court did not sentence Stewart, it does not have jurisdiction to construe his petition as a § 2255 motion.  Stewart has already filed a § 2255 motion challenging his conviction on double jeopardy grounds.  Any subsequent § 2255 motion raising a claim that was or could have been raised in Stewart's previous § 2255 motion is second or successive and requires permission from the United States Court of Appeals for the Second Circuit.  See 28 U.S.C. § 2244.

    B.    <u>Stewart cannot meet the requirements of the savings clause.</u>

Stewart does not invoke the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction.  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).  Nonetheless, Stewart cannot meet the savings clause requirements.

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention."

4

28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Stewart does not identify any retroactively applicable Supreme Court decision establishing that he may have been convicted of a non-existent offense.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Stewart's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Stewart's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of January, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge